UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:21-CR- |
| v. | : | (JUDGE          ) |
| ANDREW MICHAEL ROGERS, | : | |
| Defendant. | : | Electronically Filed |

INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE

Between on or about February 14, 2020, and continuing through on or about May 31, 2020, in York County, within the Middle District of Pennsylvania, the defendant,

ANDREW MICHAEL ROGERS,

did knowingly receive, distribute, and attempt to distribute child pornography, as defined in 18 U.S.C. § 2256(8), using any means and facility of interstate and foreign commerce, and that had been mailed,

shipped, and transported in and affecting interstate commerce by any means, including by computer.

All in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(b)(1).

## NOTICE OF FORFEITURE

The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 2253.

The Grand Jury further finds probable cause that:

Upon conviction of any offense in violation of Title 18, United States Code, Section 2252A, the defendant, ANDREW MICHAEL ROGERS, shall forfeit to the United States:

a. any visual depiction described in 18 U.S.C. 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110, pursuant to 18 U.S.C. § 2253(a)(1);

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s), pursuant to 18 U.S.C. § 2253(a)(2); and

   c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s), or any property traceable to such property, pursuant to 18 U.S.C. § 2253(a)(3).

The property to be forfeited to the United States includes, but is not limited to: (1) an LG-V350AWM cellular phone S/N 902KPXV0142370; (2) an LG-H740 cellular phone S/N 611CYEA311612 and the 32 GB Micro SD card S/N KNA1NG7AL606 contained within it; and (3) an Apple IMac desktop computer S/N 00037312, electronic equipment used or intended to be used to commit or to promote the commission of such offense(s).

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

     a. cannot be located upon the exercise of due diligence;
     b. has been transferred or sold to, or deposited with, a third party;
     c. has been placed beyond the jurisdiction of the Court;
     d. has been substantially diminished in value; or
     e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of any other property of the defendant(s) up to the value of the above-described forfeitable

property, as substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b) and Title 28, United States Code, Section 2461(c).

                          BRUCE D. BRANDLER
                          Acting United States Attorney

Date: February 25, 2021       /s/ Christian T. Haugsby
                                     CHRISTIAN T. HAUGSBY
                                     Assistant U.S. Attorney